IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MARY MILLER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-08-CV-42 |
| | § | |
| LONGVIEW PSYCHIATRIC HOSPITAL, | § | |
| L.L.C., ET AL., | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are defendants Longview Psychiatric Hospital, LLC, Regency Management Company, Inc., Acadia Healthcare Properties, LLC, Acadia Hospital of Longview, and Vermilion Health Systems, Inc.'s (collectively "defendants") Motions to Dismiss for Improper Venue or to Transfer Venue pursuant to 28 U.S.C. § 1404(a) (Docket Entry Nos. 10, 14, 27). Plaintiff Mary Miller opposes these motions. After carefully considering the facts presented, the arguments of all the parties and the applicable law, the court DENIES the motions for the reasons expressed below.

**I.      Background**

Plaintiff Mary Miller ("Miller") brought this premises liability suit against defendants based on a slip and fall incident that occurred at the defendants' premises in Longview, Gregg County, Texas. Plaintiff alleges negligence on the part of the defendants.

Plaintiff is a resident of Smith County, Texas. Defendant Longview Psychiatric Hospital, LLC is a Louisiana company with its place of business in Longview, Texas. Defendant Regency Management Company is a Delaware corporation with its principal place of business in the state

1

of Georgia. Defendant Acadia Healthcare Properties, LLC is a Delaware company with its principal place of business in Louisiana. Defendant Vermilion Health System, Inc. is a Louisiana corporation based in Louisiana.

## II. Discussion

### A. Venue is Proper

Defendants contend that venue is improper in the Marshall Division, but proper in the Tyler Division of the Eastern District of Texas. As such, the defendants implicitly agree that venue is proper in this district. In essence, defendants ask this Court to dismiss this action based on the plaintiff choosing to file in the Marshall Division rather than the Tyler Division. The venue statute, 28 U.S.C. § 1391, however, does not contain a divisional venue requirement. *See Bishop v. C & P Trucking Co., Inc.*, 840 F. Supp. 118, 119 (N.D. Ala. 1993) (noting that divisional filing requirement, which required suit to be brought in a particular division within a district, was repealed in 1988). Therefore, venue is proper in the entire Eastern District of Texas.

### B. Transfer of Venue

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).

The Fifth Circuit has recently enunciated the standard that district courts in this circuit should apply in deciding motions to transfer venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc), *cert denied*, No. 08-754 (Feb. 23, 2009). The Court ruled that "§

1404(a) venue transfers may be granted upon a lesser showing of inconvenience than *forum non conveniens* dismissals," and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal." *Id*. at 314 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Court held that moving party bears the burden of showing "good cause," which the Court explained is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Id*.

The Court noted however that the relevant factors to be considered in ruling on a 1404(a) motion are the same as those in the *forum non conveniens* context. *Id*. at 314, n. 9 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.,* 321 F.2d 53, 56 (5th Cir. 1963)). These include both private and public interest factors. *Id.* The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id*. (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *In re Volkswagen*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id*. (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

In *Volkswagen*, the Fifth Circuit also opined on the weight to be given to the plaintiff's choice of forum. *Id*. The Court held that the movant's "good cause" burden reflects the appropriate deference to this factor. *Id*.

**1.  Plaintiff's Choice of Forum**

In *Volkswagen*, the Fifth Circuit addressed the weight to be given to the plaintiff's choice of forum. *In re Volkswagen*, 545 F.3d at 315. The Court held that the movant's "good cause" burden reflects the appropriate deference to this factor. *Id*. In this case, plaintiff is a resident of the Eastern District of Texas and she chose to bring her suit in the Marshall division. The incident giving rise to plaintiff's cause of action occurred in the Tyler division. Nevertheless, the Court concludes that the defendants have not shown that the Tyler division is clearly more convenient than the plaintiff's chosen forum.[1] The court will therefore deny the motion to transfer.

**2.  Private Factors**

**a.  <u>Convenience of the Parties and Witnesses and Cost of Attendance for Witnesses</u>**

The court will first assess the convenience of the parties involved. The plaintiff resides in the Eastern District of Texas and chose to bring the suit in this division. Therefore, the Court will consider this division more convenient to the plaintiff than the Tyler Division. The defendants have principal places of business in Longview, Georgia and Louisiana. The plaintiff points out that Longview is 22 miles from Marshall as compared to 34 miles from Tyler. Therefore, the Marshall courthouse is closer than the Tyler division to all the defendants.

---

[1] Furthermore, the Court notes that both divisions are located in the same district. *See White v. ABCO Eng'g Corp.*, 199 F.3d 140, 144 (3d Cir. 1999) (differentiating between inter and intra-district transfers).

4

Next, the court considers the convenience of witnesses. The Fifth Circuit has established a threshold of 100 miles when giving substantial weight to this factor. *See In re Volkswagen,* 371 F.3d at 204-05. ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled."). The Court reasoned that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id*.

Here, the parties have failed to identify any witnesses for the purposes of this motion. As with the convenience of the parties, the Court finds that this division would be convenient to their witnesses as well. As for non-party witnesses to the incident, who may reside in Longview, this courthouse is closer than the Tyler one. Therefore, this factor weighs against a transfer to the Tyler.

**b.** **The Relative Ease of Access to Sources of Proof**

Despite the fact that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments, this alone does not render this factor superfluous and cannot be read out of the § 1404(a) analysis. *In re Volkswagen*, 545 F.3d at 316. In all likelihood, a majority of the documents and other sources of proof are likely located in longview, or with the defendants, closer to the Marshall division than the Tyler division. Therefore, this factor weighs against a transfer of this case.

**c.      The  Availability of Compulsory Process to Secure the Attendance of Witnesses**

Federal Rule of Civil Procedure 45(b)(2) governs the places where a subpoena issued by a court of the United States may be served.  However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse.  *See In re Volkswagen*, 545 F.3d at 316.  Here, both the Tyler division as well as this division enjoy "absolute subpoena power for both depositions and trial" over all of the witnesses in this case.  *Id.*  Accordingly, this factor is neutral as to transfer.

**3.       Public Interest Factors**

**a.      The Administrative Difficulties Flowing from Court Congestion**

Neither the plaintiff nor the defendants address this factor.  The court is unaware of any administrative difficulties that would arise from transferring or retaining this case.  Therefore, the court finds this factor is neutral as to transfer.

**b.      The Local Interest in Having Localized Interests Decided at Home**

Transfer is appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case.  *See In re Volkswagen*, 545 F.3d at 318.  Courts may look to where the accident occurred, where the witnesses live, where the evidence is located, where the parties live, and where the vehicle was purchased.  *Id*.  As discussed earlier, the slip and fall occurred in Longview, Texas.  Given the proximity of Longview to this division, the Court finds that the residents of this division would be interested in any safety concerns at the Longview hospital.  Plaintiff resides in Smith County, while defendants reside in Gregg County, Louisiana and Georgia.  Under these facts, the Court

finds that the Tyler division, as well as this division, has sufficient local interest in the outcome of the case to conclude that this factor is neutral to the transfer decision.

**c.** **The familiarity of the forum with the law that will govern the case**

Both the Tyler division and this division are familiar with the law that could govern this case. Therefore, the court finds this factor is neutral as to transfer.

**d.** **The avoidance of unnecessary problems of conflict of laws**

The court finds that this factor is inapplicable in this transfer analysis.

**III.** **Conclusion**

The Court finds, based on the consideration of both private and public interest factors in this case, that this division is more convenient to the parties and the witnesses than the Tyler division. The Court rules that because the defendants have failed to show that the transferee venue is clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice of the Marshall division should be respected. *In re Volkswagen*, 545 F.3d at 315. The Court therefore DENIES defendants' motion to transfer this case to the Tyler division.

SIGNED this 19th day of March, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE